```
                                                           U.S. DISTRICT COURT
                                                          DISTRICT OF VERMONT
                                                                  FILED
```

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2025 OCT 14 PM 3:31

CLERK

BY _____
        DEPUTY CLERK

| | |
|---|---|
| ZYGMUNT J. DEVER,<br>　　Plaintiff, | )<br>)<br>) |
| v. | ) No. 2:25-cv-00406 |
| CHRISTOPHER DUGAN,<br>　　Defendant. | )<br>)<br>)<br>) |

### ORDER DISMISSING AMENDED COMPLAINT,
### DENYING LEAVE TO AMEND, AND DISMISSING CASE
(Doc. 10)

Plaintiff Zygmunt J. Dever, representing himself, seeks to bring an action against Christopher Dugan. On June 2, 2025, because Plaintiff's financial affidavit demonstrated his inability to pay the filing fee, his refiled Application to Proceed *in Forma Pauperis* ("IFP"), or without paying fees or costs, under 28 U.S.C. § 1915 was granted; however, his proposed Complaint (Doc. 1-2) was dismissed upon review under 28 U.S.C. § 1915(e)(2). (Doc. 5.) Plaintiff was granted leave to amend and timely filed a proposed Amended Complaint on August 15, 2025. (*See* Doc. 10.) For the reasons explained below, Plaintiff's Amended Complaint is DISMISSED upon review under 28 U.S.C. § 1915(e)(2) without leave to amend.

### I. Legal Standard Under § 1915(e)(2)(B).

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." *Id.* at § 1915(e)(2)(B)(ii). Additionally, a district court must dismiss a case if it determines the court lacks subject matter jurisdiction over the matter. *See* Fed. R. Civ. P. 12(h)(3).

All complaints must contain "sufficient factual matter . . . to state a claim" for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified); *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In

determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). While "special solicitude" is afforded to *pro se* litigants, their complaints, nevertheless, must satisfy the plausibility standard set forth in *Iqbal*. *See Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016); *Harris v. Mills*, 572 F.3d 66, 68, 72 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## II. Factual Allegations of Plaintiff's Amended Complaint

Plaintiff has submitted a thirty-eight page Amended Complaint that includes what appears to be cut and pasted text consisting of case law and other legal material. (*See* Doc. 10.) In support of jurisdiction in this court, Plaintiff cites Section 2 of Article III, Section 2 of Article IV, and the Seventh, Ninth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 1–2.) Plaintiff also cites 9 V.S.A. § 2451 as well as the Restatement of the Law, Torts § 766. (*Id.* at 2–5.)

Plaintiff alleges that he was engaged in the design and renovation of Amy's Bakery Arts Café in Brattleboro, Vermont when, in June of 2021, owner Amy Comerchero, terminated Plaintiff, doing business as Tomorrow's Builders. (*Id.* at 10–12.) Plaintiff further alleges she did so because Christopher Dugan, her landlord, demanded that she terminate Plaintiff or be evicted:

> Amy terminated our contract but delayed my request to explain why until May of 2022 when she wrote[:] "Chris Dugan said that, as the owner of the 113 Main Street property, he had the right to approve, or refuse, anyone doing work in or on his building. He said that he would not allow Joe Dever to work in his building, stating that Mr. Dever has sued people for whom he had worked in the past, and that there was a good chance that Mr. Dever would sue me or Mr. Dugan, or both of us, and

that he didn't want to take that chance. Mr. Dugan said that if I did not terminate Mr. Dever immediately, he would evict me from the space that I was leasing at 113 Main Street."

(Doc. 10 at 14, ¶ 25.)[1] Plaintiff alleges that "Dugan acted as a private individual in June of 2021 when he conjured his one-sided account of my past. He cast aspersions on my character . . . ." (*Id.* at 19, ¶ 43.) Plaintiff states: "Christopher Dugan's conduct towards me manifests his personal ill will and reckless disregard of my rights, carried out under circumstances evidencing insult and oppression, knowing his statement to Amy Comerchero does not describe my conduct doing business in Vermont." (*Id.* at 23, ¶ 58.) He asserts that after he was terminated, he called for an inspection of his work and "there was collusion on the part of Amy's landlord, and the Vermont State Inspector . . . ." (*Id.* at 27, ¶ 66.)

Based on these alleged facts, Plaintiff brings five claims: (1) tortious interference in contract relations; (2) slander; (3) defamation *per quod*; (4) conspiracy to deprive his rights in the performance of the building trade; (5) libel, slander and defamation. Plaintiff asserts he has economic loss greater than $20,000 and seeks "amounts commensurate with current tortious interference decisions." (*Id.* at 36.)

### III. Plaintiff's Amended Complaint Does Not State a Basis for the Court's Subject Matter Jurisdiction.

Federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction . . . ." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (citing *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005)). "[S]ubject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "Federal courts are courts of limited

---

[1] Later in the Amended Complaint, Plaintiff alleges that "Amy has consistently refused to write what she says Chris Dugan said." (Doc. 10 at 35, ¶ 104.)

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, "federal courts have subject matter jurisdiction either on the basis of substance, where there is a federal question, or on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006). The party "asserting [federal] subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (citation modified).

Plaintiff's Amended Complaint does not present a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936))). His Amended Complaint, unlike the initial Complaint, does not seek to allege claims under § 1983. Although it cites the U.S. Constitution in a section titled Jurisdiction, it does not allege a claim under any federal statute or law, or pursuant to a constitutional right. Because Plaintiff's Amended Complaint does not state a claim under federal law, the court does not have federal question subject matter jurisdiction under 28 U.S.C. § 1331.

In the absence of a federal claim, the court may exercise diversity jurisdiction over state law claims under 28 U.S.C. § 1332. Plaintiff's Amended Complaint, however, also does not contain plausible allegations supporting the court's exercise of diversity subject matter jurisdiction. Section 1332 requires the amount in controversy in the case to exceed $75,000, exclusive of interest and costs, and the matter raised must be "between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley &*

*Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (explaining complete diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants"). The Amended Complaint seeks damages for economic loss of $20,000, which is not in excess of the statutory requirement. In addition, although Plaintiff has not alleged the citizenship of Defendant Dugan in his Amended Complaint, his initial Complaint listed him as a citizen of Vermont. (*See* Doc. 6 at 3.) Based on the facts submitted in the Complaints, it appears that complete diversity does not exist between Plaintiff and Defendant. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings . . . .'" (quoting *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893))). As a result, the court lacks diversity subject matter jurisdiction under 28 U.S.C. § 1332.

Upon review under 28 U.S.C. § 1915(e)(2)(B), because the court lacks subject matter jurisdiction, the proposed Amended Complaint (Doc. 10) must be DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)); *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." (citation modified)).

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (citation modified). In this case, the court has already granted leave to amend, and Plaintiff has

not requested a further opportunity to amend his pleading. The court declines to grant a second leave to amend *sua sponte*. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting an amendment that was never requested").

## CONCLUSION

For the reasons stated above, upon review under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Amended Complaint (Doc. 10) is DISMISSED WITHOUT PREJDUICE for lack of subject matter jurisdiction, and this case is DISMISSED. The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 14th day of October 2025.

_____
Mary Kay Lanthier
District Court Judge